## JOHN F. SULLIVAN
### vs.
## H. T. SMITH EXPRESS COMPANY

Superior Court      Fairfield County      File #43761

Present: Hon. EDWIN C. DICKENSON, Judge.

Louis Feinmark,            Attorney for the Plaintiff.

D. L. O'Neill,            Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 4, 1935.**

DICKENSON, J. The defendant's driver was operating its truck on the Post Road just west of New Haven. He stopped under an electric light to look over his way-bills. It was the 5th of January at about 1:30 A.M., a dark misty night, with the mist freezing. The defendant's truck was a three-ton truck about eight feet wide. It contained a load of barrels covered with a brown tarpulin. The tailboard was down with the rear of the load resting on it. It projected about four feet beyond the taillight which was beneath it and was lighted.

The highway at this point was fifty feet wide, double lines of trolley tracks ran through the street, the south rail being about 17 feet from the south curb. The defendant's truck was parked four or five feet from this curb the interval being taken up by snow piled up by a plow. The truck's left wheels were four or five feet from the south rail.

The plaintiff was a passenger in a companion's car. He sat on the right front seat and the windshield in front of him was covered with ice. His driver had a "defroster" affixed to the windshield which gave him a small aperture through which he could see. His windshield wiper was not working. Proceeding in the same direction, toward New Haven, as had the truck and straddling the south trolley rail, the car ran into the truck, the tailboard shearing into the body of the passenger car. The car continued on by the truck and half circled it stopping in front of it. The plaintiff was injured in the collision.

The evidence relating to the size and condition of the aperture through which the plaintiff's driver was guiding his car and the fact that he apparently did not see the truck until he hit it indicates he was driving blindly and trusting to his distance from the curb to clear anything that might be parked beside it.

This, taken in connection with the force of the collision and the distance the car travelled after it struck the truck

indicate the plaintiff's driver was negligent in its operation.

The case then turns upon the question of whether the defendant's driver was negligent in parking as he did.

As has been noted he stopped under a street light and all his lights were burning, his headlights as well as his tail light.

It can hardly be held that the truck driver was compelled to keep going and had no right to stop at all or that he was obliged to drive into the center of the city before stopping to look at his way-bills. He got as near the curb as he could in view of the snow and stopped beneath a street light. His tail light could have been seen by the plaintiff's driver when he was thirty feet or more from it.

But the plaintiff further invokes **Section 642C of the Public Acts of 1933,** which provides that no person shall—during the period of one-half hour after sunset to one-half hour before sunrise, operate upon any highway, any vehicle carrying a load which shall extend beyond the stationary floor of the body of such vehicle unless a red light shall be attached to the rear end of said load. In the instant case it appeared the tailboard projected four feet beyond the body and on this part of the load rested. Assuming the car was "in operation" a red light on the load was required and that the defendant was negligent in that it had none, it does not appear that this would probably have prevented the collision. The plaintiff's driver's line of vision was so narrow and so straight ahead and the rest of his windshield so coated with ice that by the time he got to a point where the mist would have thinned enough so that he might have seen the truck, or its lights, his vision was to the left of them.

Judgment is directed for the defendant.